# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 FEB -4 PM 4: 25
MARGARET BOTKINS, CLERK
CHEYENNE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW MILLER, JR.,

Defendant.

**CRIMINAL COMPLAINT**

Case Number: 26-MJ-06-ABJ

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about December 28, 2025, in the District of Wyoming, the Defendant, **MATTHEW MILLER, JR.** did knowingly, intentionally, and unlawfully possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

I further state that I am a TFO with the Drug Enforcement Administration and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
MATTHEW S. FREEMAN

Sworn to before me and subscribed in my presence,

02-04-2026 at 2:02 p.m.    at    Cheyenne, Wyoming
Date                                        City and State

HON. SCOTT P. KLOSTERMAN
Chief United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## SWORN STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## TFO MATTHEW S. FREEMAN
## U.S. v. MATTHEW MILLER, JR.

I, Matthew Freeman being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed and certified as a peace officer with the Cheyenne Police Department. I am currently assigned to the Cheyenne Police Department's Community Action Team. I am also currently assigned as a Task Force Officer with the Drug Enforcement Administration. I have been employed as a certified Peace Officer since 2014. I received training regarding identification, use and delivery of controlled substances. I have also received training regarding cellular phone investigations. I have completed a forty-hour Highway Drug Interdiction Training. I have completed a forty-hour Basic Criminal Investigators course. I have completed a 40-hour basic drug investigations course. During my career as a Police Officer, I have been involved in numerous investigations involving the sale, delivery, and possession of controlled substances. I have been involved in numerous investigations involving the possession of firearms by prohibited suspects. I am familiar with and have participated in all the normal methods of investigation, including but not limited to visual and electronic surveillance, questioning of witnesses, the use of search and arrest warrants, and the use of informants. All the information contained in this affidavit is based on investigations or interviews conducted by me or other law enforcement officers that I know to be reliable

### PROBABLE CAUSE

2. On December 28th, 2025, Officer Cigich with the Cheyenne Police Department was operating a marked Cheyenne Police Department vehicle near the area of West Lincolnway and Ames Avenue, Cheyenne, Laramie County, Wyoming. Officer Cigich observed a blue Cadillac

2

sedan driving on West Lincolnway. Officer Cigich observed the windows appeared to be tinted darkly and suspected the windows were tinted below the allowable 28 percent visible light transmission (VLT).

3. Officer Cigich observed the blue Cadillac sedan park in the parking lot of the Eagles Nest bar, located on West Lincolnway, Cheyenne, Wyoming. Officer Cigich observed the blue Cadillac sedan park near another male in the parking lot and observed the male briefly meet with the blue Cadillac sedan at the passenger side window before returning to a different vehicle. Officer Cigich observed the Cadillac leave the parking lot shortly after the meeting. Officer Cigich recognized this from training and experience to be consistent with a hand to hand drug sale and continued to follow the Cadillac sedan as it left the parking lot.

4. As Officer Cigich pulled behind the blue Cadillac sedan Officer Cigich observed the vehicle abruptly pulled to the side of the road without using a turn signal and parked on the 800 block of West 21st Street. Officer Cigich observed this was suspicious and believed the driver of the vehicle was attempting to avoid being contacted by the Police. Officer Cigich activated his overhead emergency lights and conducted a traffic stop with the blue Cadillac sedan for not properly using a turn signal

5. During the course of the traffic stop, Matthew MILLER Jr. (YOB: 1992) was identified as the driver of the vehicle. During the course of the traffic stop, Officer Cigich asked MILLER to step out of the vehicle. MILLER consented to allow Officer Cigich to search MILLER's pockets for weapons. While searching MILLER's pockets for weapons Officer Cigich observed drug paraphernalia in a partially zippered pocket on MILLER's person. MILLER consented to remove items from his pockets and consented for Officer Cigich to open a hard sided glasses container which was removed from MILLER's pocket. Officer Cigich

3

observed suspected methamphetamine and a methamphetamine pipe inside the container. Officer Cigich placed MILLER under arrest and handcuffed MILLER.

6. During a search incident to arrest, MILLER was found to have approximately 34.59 grams of suspected powdered cocaine in a plastic bag concealed in his underwear. Officer Cigich conducted a probable cause search of the blue Cadillac sedan. Officer Cigich located a plastic bag containing approximately 92.06 grams of suspected methamphetamine, a plastic bag containing approximately 3.03 grams of suspected methamphetamine, a plastic bag containing approximately 12.10 grams of suspected cocaine, 32 suspected MDMA (Extasy) pills, U.S. currency in various denominations, and plastic packaging containers. Officer Cigich also seized a cellular phone from MILLER during his arrest.

7. Officer Cigich later tested the suspected methamphetamine utilizing a NIK chemical testing kit and observed the results of the test were a presumptive positive for the presence of methamphetamine. TFO Freeman knows from training and experience the amounts of controlled substances found during the traffic stop with MILLER are consistent with the sale and delivery of controlled substances and more than typical user amounts.

8. On December 29th, 2025, TFO Freeman applied for and received a search warrant to search MILLER's cellular phone seized from MILLER during his arrest on December 28th, 2025. The search warrant was to search the contents of the cellular phone from the dates December 14th, 2025 through December 28th, 2025. The warrant was executed by TFO Sanne using the Cheyenne Police Department Computer Crimes Unit and a digital download of the cellular phone was completed. TFO Freeman later applied for and received a second search warrant to further search the digital download of the cellular phone from the dates December 28th, 2024, through December 28th, 2025.

9. Upon reviewing the cell phone data, TFO Freeman observed MILLER appeared to be a source of supply of cocaine and methamphetamine in the Cheyenne, Wyoming area. TFO Freeman observed hundreds of text messages and third-party application messages on the cellular phone which appeared to be MILLER distributing controlled substances in Cheyenne. TFO Freeman observed several drug customers who appeared to regularly meet MILLER at a bar on West Lincolnway in Cheyenne to purchase controlled substances from MILLER.

**END OF SWORN STATEMENT**

5

## PENALTY SUMMARY

**DEFENDANT NAME:**          **MATTHEW MILLER, JR.**

**DATE:**                    February _____, 2026

**INTERPRETER NEEDED:**      No

**VICTIM(S):**               No

**OFFENSE/PENALTIES:**       **21 U.S.C. §§ 841(a)(1), (b)(1)(B)**
                             (Possession with Intent to Distribute Methamphetamine)

                             5-40 Years Imprisonment
                             Up To $5,000,000 Fine
                             Nlt 4 Years To Life Supervised Release
                             $100 Special Assessment

**AGENT:**                   Matthew S. Freeman, DEA

**AUSA:**                    Brandon J. Rosty, Assistant United States Attorney

**ESTIMATED TIME OF
TRIAL:**                     1 to 5 days

**WILL THE GOVERNMENT
SEEK DETENTION IN THIS
CASE:**                      Yes

**ARE THERE DETAINERS
FROM OTHER
JURISDICTIONS:**             No